**Willie GREEN, Plaintiff-Appellant,**

v.

**David MATHEWS, etc., Defendant-Appellee.**

No. 76–2358.

United States Court of Appeals, Ninth Circuit.

Jan. 31, 1977.

As Amended March 21, 1977.

Emmett O'Boyle, Morgan, Beauzay, Hammer, Ezgar, Bledsoe & Rucka, Salinas, Cal., on brief for plaintiff-appellant.

James A. Bruen, Asst. U. S. Atty., Civ. Div., San Francisco, Cal., on brief, for defendant-appellee.

Before HUFSTEDLER, SNEED and KENNEDY, Circuit Judges.

PER CURIAM:

Appellant applied for disability insurance benefits on February 1, 1966, claiming a period of disability commencing April 13, 1964. That application was denied without a hearing. On November 23, 1971, appellant filed a new application alleging the same period of disability. After denials initially and upon reconsideration, appellant requested a hearing. The Administrative Law Judge found that appellant was disabled within the meaning of the Act and was entitled to benefits retroactive to his original application made in 1966.

The Appeals Council modified the Administrative Law Judge's decision, finding that although the period of disability had commenced in 1964, appellant was entitled only to benefits based upon the 1971 application. The district court affirmed the decision of the Appeals Council.

The Appeals Council awarded appellant the maximum retroactive benefits provided for by statute (one year prior to the date of the application). 42 U.S.C. § 423(b). A retroactive award (in excess of the one-year retroactivity granted by statute) based upon the 1966 application is proper only if

appellant's 1971 application is also treated as a request to reopen the 1966 denial. However, requests to reopen prior determinations or decisions must be made within four years of the date upon which the claimant is notified of the determination or decision, absent special circumstances not here pertinent. 20 C.F.R. § 404.957. Since appellant's 1971 application came more than four years after the notification to him of the denial of his 1966 application, that prior determination cannot be reopened now.

AFFIRMED.