51 F.3d 275
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Clarence B. JACKSON, Plaintiff-Appellant,
v.
Donna SHALALA, Secretary of the Department of Health and
Human Services, Defendant-Appellee.
 No. 94-1240.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 24, 1995.*
Decided March 21, 1995.
 
 Before POSNER, Chief Judge, and FAIRCHILD and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Clarence Jackson, a pro se plaintiff, appeals the dismissal of his action in which he seeks the retroactive award of continued supplemental security income ("SSI") benefits under 42 U.S.C. Sec. 1383(a)(7)(A)[1] from December 22, 1989 to June 26, 1992. The Secretary of the Department of Health and Human Services ("Secretary") contends that the district court lacked jurisdiction and that Jackson's claims are meritless. We affirm.[2]
 
 
 2
 On December 22, 1989, Jackson filed his first application for SSI benefits ("1989 application"). After the 1989 application was denied initially and on reconsideration, an administrative law judge ("ALJ") reviewed the case de novo and denied it once again. The Appeals Council declined to review it. On February 10, 1992, Jackson filed a second application ("1992 application") for SSI benefits. On October 1, 1992, the district court affirmed the denial of his 1989 application, as did this court in an unpublished order, Jackson v. Secretary of Health & Human Serv., No. 93-1174, (7th Cir. Nov. 17, 1993). Thereafter, rehearing was denied on December 29, 1993. The Supreme Court denied certiorari in Jackson v. Shalala, 114 S.Ct. 2683 (1994).
 
 
 3
 On November 23, 1993, Jackson filed the action now before us in district court. In his "First Amended Petition" (hereinafter "petition"), he alleged that on February 24, 1993, an ALJ had granted him benefits on his 1992 application and that he had commenced receiving benefits on June 26, 1992. As Jackson noted in his petition, the Appeals Council subsequently remanded his 1992 application to another ALJ for further action. The district court dismissed his petition on the grounds of res judicata.
 
 
 4
 The Secretary contends that the district court lacked jurisdiction to entertain Jackson's petition because it had no jurisdiction over the merits of the 1989 application. Apostol v. Gallion, 870 F.2d 1335, 1337 (7th Cir.1989) (holding that, in general, "[t]he filing of a notice of appeal ... divests the district court of its control over those aspects of the case involved in the appeal."). However, we do not construe Jackson's current cause of action as a duplicative appeal from the denial of benefits under the 1989 application. Although Jackson cites 42 U.S.C. Secs. 405(g) and 1383(c), which grant the district court jurisdiction over appeals from final decisions by the Secretary, Jackson alleged in his petition that he had not exhausted review of the merits of either his 1989 or his 1992 applications. Instead, Jackson asked the district court to "order the Secretary ... to pay retroactively disability benefits" under 42 U.S.C. Sec. 423(g), which permits the recipient of disability benefits to elect (pursuant to regulations prescribed by the Secretary) to continue receiving benefits pending the review of a decision to terminate them. Thus, we liberally construe his pro se petition as one for mandamus in order to compel the Secretary to comply with her statutory duty to pay continued benefits.
 
 
 5
 Although Jackson cites Sec. 423(g), we note that he claims SSI benefits, and therefore his claim for continued benefits falls under Sec. 1383(a)(7)(A). If the Secretary decides that an SSI recipient is no longer entitled to benefits because the "impairment on the basis of which such benefits are payable is found to have ceased, not to have existed, or to no longer be disabling," and if a timely request for review of the denial or hearing is pending, then under Sec. 1383(a)(7)(A), the SSI recipient:
 
 
 6
 may elect ... to have the payment of such benefits continued for an additional period beginning with the first month ... for which (under such determination) such benefits are no longer otherwise payable, and ending with the earlier of (I) the month preceding the month in which a decision is made after such a hearing, or (II) the month preceding the month in which no such request for review or a hearing is pending.
 
 
 7
 42 U.S.C. Sec. 1383(a)(7)(A) (emphasis added). This section provides for a continuation of benefits under certain circumstances under the statute. Jackson's situation just does not fit.
 
 
 8
 "[M]andamus jurisdiction can be invoked only when the plaintiff has a clear right to the relief sought, the defendant has a clear duty to perform, and no other adequate remedy is available." Blaney v. United States, 34 F.3d 509, 513 (7th Cir.1994). Jackson in effect argues that the ALJ's review of his second application reopened his first application, and thus the date of his first application should be used as the first month for the payment of continued benefits.[3] However, Sec. 1383(a)(7)(A) does not retroactively award benefits back to the filing date. It protects recipients from having their current benefits cut off during the period in which they await review of the termination decision. Assuming that 42 U.S.C. Sec. 405(h) does not bar mandamus jurisdiction altogether, see Heckler v. Ringer, 466 U.S. 602, 617 (1984); Burnett v. Bowen, 830 F.2d 731 (7th Cir.1987) (holding that Sec. 405(h) permits mandamus jurisdiction in cases challenging procedural claims unrelated to merits), the Secretary does not owe Jackson a clear, non-discretionary duty to pay retroactive benefits under Sec. 1383(a)(7)(A). Although the district court dismissed the petition on other grounds, we affirm the dismissal "because it is clear that no writ of mandamus could properly issue in this case." Heckler, 466 U.S. at 602.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 As the Secretary has pointed out in its brief, Jackson incorrectly cites 42 U.S.C. Sec. 423(g), which does not apply to SSI benefits
 
 
 [2]
 For the first time on appeal, Jackson also seeks monetary damages, presumably against the district court, on the grounds that the court violated due process by dismissing his petition without a hearing. His claim for damages against the court is meritless
 
 
 [3]
 In both in his petition and on appeal, Jackson cites Green v. Mathews, 550 F.2d 458, 458-59 (9th Cir.1977), in which the Ninth Circuit affirmed the denial of retroactive benefits because the claimant refiled his application too late for it to constitute a request to reopen the previous denial. However, Jackson is not appealing directly from a decision on his 1992 application, which he apparently considers to be a reopening. In fact, he pointed out in his petition that his case continues to undergo further administrative action and that he seeks benefits while awaiting the Secretary's final decision