Gregorio DIAZ, Plaintiff,

v.

Janet RENO, Attorney General of the United States and Brian Perryman, District Director, Immigration and Naturalization Service, Defendants.

No. 98 C 1873.

United States District Court, N.D. Illinois, Eastern Division.

March 15, 1999.

Stanley J. Horn, Horn & Villasuso, Chicago, IL, for Plaintiff.

John F. Hurlbut, Special Assistant U.S. Attorney, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Gregorio Diaz brought this action against Janet Reno, Attorney General of the United States, and Brian Perryman, District Director of the Immigration and Naturalization Service ("INS"), alleging that he was wrongfully placed by the INS in expedited removal proceedings and deported to Mexico. Mr. Diaz is suing the defendants in their official capacities only. The defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. For the following reasons, the motion to dismiss is granted in part.

### Background [1]

Mr. Diaz is a United States citizen and an Illinois resident. On February 18, 1998, Mr. Diaz entered the United States at O'Hare International Airport and was detained by an INS agent despite his claim of American citizenship. Mr. Diaz submitted documentation of his citizenship to the INS, but he was placed in expedited removal proceedings and deported to Mexico. Before being deported he was denied a hearing before an immigration judge, and his claim of citizenship was not verified. Mr. Diaz was not allowed to return to the United States until March 7, 1998. The documents which Mr. Diaz presented to the INS as proof of identity were not returned to him. Mr. Diaz alleges that as a result of the deportation, he lost his job and suffered emotional distress.

In his complaint, Mr. Diaz asks for damages in the amount of $2,000,000.00. In addition, he asks for an order declaring the defendants' actions arbitrary and capricious, for an order requiring the defendants to return his original documentation, and for attorney fees. The defendants move to dismiss the complaint for lack of subject matter jurisdiction.

### Subject Matter Jurisdiction

When a party raises a serious doubt as to whether a district court has subject matter jurisdiction, the burden of proof is on the party asserting jurisdiction.

1. The background facts are taken from the complaint. On a motion to dismiss for lack of subject matter jurisdiction, all well-pleaded allegations in the complaint must be accepted as true. *Rueth v. United States EPA*, 13 F.3d 227, 229 (7th Cir.1993).

*Selcke v. New England Ins. Co.*, 2 F.3d 790, 792 (7th Cir.1993). Mr. Diaz alleges in the complaint that federal jurisdiction is based on 8 U.S.C. § 1329, 28 U.S.C. § 1361, and 28 U.S.C. § 1331(a), and that his declaratory judgment claim is brought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202.

*The Claim for Damages*

■ Mr. Diaz has sued the defendants in their official capacities only. (Compl. ¶ 3.) A suit against a federal official in his or her official capacity is a suit against the United States. *Kentucky v. Graham*, 473 U.S. 159, 165–67, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Under the doctrine of sovereign immunity, the United States may not be sued without its consent. *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Consent is a prerequisite for jurisdiction. *Id.*

■ Apparently Mr. Diaz relies on 28 U.S.C. § 1331(a) as the jurisdictional basis for his damages claim. Section 1331(a), however, does not waive sovereign immunity. *Arvanis v. Noslo Eng'g Consultants, Inc.*, 739 F.2d 1287, 1290 (7th Cir.1984). A basis for waiver is not alleged in the complaint. In the motion to dismiss, the defendants construe Mr. Diaz's damages claim as a tort claim. The Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, provides a limited waiver of sovereign immunity for tort claims but requires exhaustion of administrative remedies. 28 U.S.C. § 2675. Mr. Diaz has not alleged that he has pursued any administrative remedy with a federal agency.

In his response to the motion to dismiss, Mr. Diaz argues that the complaint does not necessarily seek tort relief and that there is no administrative procedure to adjudicate his constitutional rights. If Mr. Diaz is attempting to bring a constitutional claim pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), that claim fails. Mr. Diaz has sued the defendants in their official capacities only, and "the point of *Bivens* was to establish an action against the employee to avoid the sovereign immunity that would block an action against the United States and thus would block an official-capacity action too." *Sterling v. United States*, 85 F.3d 1225, 1229 (7th Cir.1996).[2]

Mr. Diaz has not shown that the United States has consented to his damages claim. Therefore the damages claim is dismissed for lack of subject matter jurisdiction.

*The Claim for Declaratory Relief*

■ Mr. Diaz seeks an order pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202 declaring that the defendants' actions in removing him from this country were arbitrary and capricious and a failure to comply with 8 C.F.R. § 235.3.[3] Section 2201 and 2202 do not confer subject matter jurisdiction. *Rueth*, 13 F.3d at 231. In his response to the motion to dismiss, Mr. Diaz argues that I have subject matter jurisdiction over his declaratory judgment claim pursuant to 8 U.S.C. § 1329. However, § 1329 only grants subject matter jurisdiction for suits brought *by* the United States.[4]

**2.** This is not to say that if Mr. Diaz had sued these defendants in their individual capacities under *Bivens,* his claim would have merit. He has not alleged any personal involvement. *See Gossmeyer v. McDonald,* 128 F.3d 481, 494 (7th Cir.1997) ("In order to state a cause of action under *Bivens,* the plaintiff must allege facts which show that the individual defendant was personally involved in the deprivation of the plaintiff's constitutional rights").

**3.** 8 C.F.R. § 235.3, in relevant part, sets out the procedures that the INS must follow be-

fore removing a person from this country. Mr. Diaz was removed in expedited proceedings pursuant to 8 C.F.R. § 235.3.

**4.** 8 U.S.C. § 1329, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, provides in relevant part that "[t]he district courts of the United States shall have jurisdiction of all causes, civil and criminal, brought by the United States that arise under the provisions of this subchapter."

It is unnecessary to consider whether any other law affirmatively grants subject matter jurisdiction, for Mr. Diaz's declaratory judgment claim must be dismissed as moot. The requirement that a justiciable controversy exist applies to claims for declaratory relief. *Magnuson v. City of Hickory Hills*, 933 F.2d 562, 565 (7th Cir. 1991). In the case at bar, a justiciable controversy does not exist. Mr. Diaz was allegedly deported from this country as a result of the defendants' failure to comply with 8 C.F.R. § 235.3, but he has long since been returned to this country. "To maintain a claim for injunctive relief in federal court, the plaintiff must do more than merely speculate that he again will experience injury as the result of a particular practice." *Id.* In his complaint, Mr. Diaz does not even speculate that he again could be injured by the defendants. Therefore his claim for a declaratory judgment is dismissed as moot.[5]

*The Claim for Mandamus*

The complaint also cites the mandamus statute, 28 U.S.C § 1361, as a basis for jurisdiction.[6] Mr. Diaz's request for an order requiring the defendants to return his original documentation is apparently a request for mandamus. Mandamus is an extraordinary remedy, and mandamus jurisdiction can be invoked only when 1) the plaintiff has a clear right to the relief sought, 2) the defendant has a clear duty to perform, and 3) no other adequate remedy is available. *Blaney v. United States*, 34 F.3d 509, 513 (7th Cir.1994). It is not clear at this point on what basis defendants are holding Mr. Diaz's documentation. Accordingly, since defendants have not offered an argument for believing there is any other way for Mr. Diaz to obtain his property, at least at this stage the motion to dismiss the request for mandamus is denied.

*Conclusion*

For the reasons discussed above, the defendants' motion to dismiss the complaint for lack of subject matter jurisdiction is granted on all claims except plaintiff's request for mandamus.

---

5. The defendants also argue that I lack subject matter jurisdiction over Mr. Diaz's claim pursuant to 8 U.S.C. § 1252(e)(1)(A), which provides that a court may not enter declaratory or other equitable relief "in any action pertaining to an order to exclude an alien in accordance with section 1225(b)(1) of this title...." Mr. Diaz was issued an order of removal under 8 U.S.C. § 1252(b)(1). However, accepting the allegations in the complaint as true, Mr. Diaz is not an alien. The defendants have not convinced me that a limitation on judicial review of orders excluding aliens is intended to apply to orders excluding United States citizens.

6. 28 U.S.C. § 1361 provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."