In the

# United States Court of Appeals

## For the Seventh Circuit

No. 01-3501

RICH PRODUCTS CORPORATION,

*Plaintiff-Appellant,*

*v.*

ZURICH AMERICAN INSURANCE COMPANY,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 95 C 968—**Rudolph T. Randa**, *Judge.*

ARGUED MARCH 1, 2002—DECIDED JUNE 12, 2002

Before FLAUM, *Chief Judge,* BAUER, and HARLINGTON WOOD, JR., *Circuit Judges.*

HARLINGTON WOOD, JR., *Circuit Judge.* This case has been here before. *See Rich Products Corp. v. Kemutec, Inc.*, 241 F.3d 915 (7th Cir. 2001). The first time the district court on cross motions for summary judgment had partially decided the case by granting in part and denying in part some of each motion. The district court also granted Rich Products Corporation's ("RPC") motion for leave to assert claims against Zurich American Insurance Company ("Zurich"), as the insurer of Kemutec, Inc., the distributor who sold RPC the defective machinery, pursuant to WIS.

STAT. §§ 632.24 and 803.04(2)(a), which allow a direct action against insurers for damages caused by negligence. The case was certified to us under Fed. R. Civ. P. 54(b). The district court then dismissed RPC's tort claims leaving only RPC's breach of express and implied warranties claims in the district court. As Wisconsin law must be applied, we relied on the Wisconsin Economic Loss Doctrine explained by the Wisconsin Supreme Court in *Daanen & Janssen, Inc. v. Cedarapids, Inc.*, 573 N.W.2d 842 (Wis. 1998), and affirmed, leaving only RPC's warranty claims to be resolved in the district court.

Since that time there has been additional activity in the district court on motions by Zurich which thereafter resulted in the dismissal of various counts against Zurich. The district court further made it clear that "if Kemutec is to be held liable at all, it is for breach of implied warranties . . . ." In the present successive appeal, RPC concedes that it now has only its warranty claims left. Kemutec maintains it has no insurance coverage to satisfy RPC's warranty claims, is insolvent, and intends to file bankruptcy if RPC pursues its warranty claims. All of this is unfair, RPC asserts.

This opinion will answer these concerns.

## ANALYSIS

We will take each of the issues separately as stated by RPC.

**Issue No. 1**:

**Do WIS. STAT. §§ 632.24 and 803.04(2)(a), which allow a direct action against insurers for damages caused by negligence, allow a direct action to proceed where the formal negligence claims have been dismissed,**

**but the property damage suffered by RPC was caused by negligence and the remaining warranty claims are based on that negligence?**

The Wisconsin statutes cited by plaintiff do not favor the result plaintiff urges in a direct action against Zurich. The relevant portion of WIS. STAT. § 803.04(2)(a) provides, "(2) Negligence actions: insurers. (a) In any action for damages caused by <u>negligence</u>, any insurer . . . is by this section made a proper party defendant in any action brought by plaintiff in this state on account of any claim against the insured." (Emphasis added.)

This statute, as it is captioned, is a negligence section applicable to insurers which permits insurers to be joined in a case where a claim is alleged against the insured, but the section unambiguously is limited to damage claims caused by negligence. Implied warranty claims, as this case involves, do not constitute a negligence action for damages. In Wisconsin, warranty claims and negligence claims are not to be intertwined as RPC urges. *See Sunnyslope Grading, Inc. v. Miller, Bradford & Risberg, Inc.*, 437 N.W.2d 213, 215-18 (Wis. 1989) (discussing breach of warranty, negligence, and the economic loss doctrine). Our case, *United States v. Ettrick Wood Products, Inc.*, 916 F.2d 1211 (7th Cir. 1990), cited by RPC, is not apropos as it raised a Rule 54(b) issue. Our task is to follow the Wisconsin statutes, not to try to judicially amend them. *See DNR v. Wisconsin Power & Light Co.*, 321 N.W.2d 286, 288 (Wis. 1982).

RPC also cites *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.*, 93 Cal. Rptr. 2d 364, 379 (Cal. Ct. App. 2000), to support its theory that the absence of a negligence claim against the insurer is not fatal to recovery where there is a warranty claim. Although there are some factual similarities, California does not have direct action statutes as does Wisconsin which limit the available remedies.

**Issue No. 2**:

**Did the district court's dismissal of RPC's direct action against Zurich violate the purpose and intent of Wisconsin's direct action statutes?**

RPC asserts that the district court's dismissal of the direct action against Zurich violates the purpose and intent of the direct action statutes. It would, in our view, violate the purpose and intent of Wisconsin's direct action statutes to hold as RPC urges. The Wisconsin statutes do not permit such interpretation even to avoid duplicative litigation, preserve judicial resources, reduce the expenses of the parties, or to reach a quicker resolution. Those are worthy objectives, but those same objectives can be accomplished by understanding and following the Wisconsin statutes. In any event, that is an argument for the Wisconsin courts, not for this court.

**Issue No. 3**:

**Did the district court err in concluding that Zurich was not required to plead any alleged limitations of the direct action statute as an affirmative defense?**

RPC cites several Wisconsin cases but no Wisconsin case is cited which holds that the application of the Wisconsin direct action statute is waived as an affirmative defense if not raised affirmatively to each claim pled. Zurich pled the Wisconsin direct action statute only as it related to RPC's misrepresentation claims. However, that was enough. All parties were on notice from the pleadings as to what this lawsuit involved. No party was prejudiced by any lack of additional pleadings.

Zurich could rely on the Wisconsin statute without pleading the limitation of the Wisconsin statute as an affirmative defense to the breach of implied warranty claim. We see no waiver by Zurich in not pleading the Wisconsin statute as

an affirmative defense to each and every claim made by RPC.

**Issue No. 4**:

**Did the district court err in holding that pleading an affirmative defense of "failure to state a claim" is tantamount to pleading specific limitations of Wisconsin's direct action statute as an affirmative defense?**

We see no error in the district court's ruling that Zurich's pleading "failure to state a claim" made it unnecessary for Zurich to further specifically plead Wisconsin's direct action statute as an affirmative defense. In the circumstances of this case, it would have eliminated this issue from this appeal had it been more specifically pled, but we view that as mere surplusage when the same defense is raised in a motion to dismiss. *See Blaney v. United States*, 34 F.3d 509, 512 (7th Cir. 1994).

## CONCLUSION

Pleadings in some circumstances can be critical, but not in the particular circumstances of this case. RPC's appellate lawyers have done everything reasonably possible to recover from RPC's failure to have its lawyers assist with the original transaction. RPC failed to seek any warranty whatsoever to cover the problems which developed with Kemutec's machines. Zurich is not liable for RPC's own failures in the original transaction.

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*