NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted April 4, 2007[*]
Decided April 5, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-3289

| | |
|---|---|
| MAURICE FORT-GREER, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin |
| v. | No. 05-C-827 |
| GEORGE M. DALEY and ROMAN KAPLAN, *Defendants-Appellees.* | William C. Griesbach, *Judge.* |

**O R D E R**

Maurice Fort-Greer, a Wisconsin inmate, brought this action under 42 U.S.C. § 1983 claiming that two prison doctors violated his Eighth Amendment right to adequate medical care when they refused to order surgery for his deviated nasal septum. The district court dismissed the suit at summary judgment after concluding that Fort-Greer was precluded from pursuing it because an identical

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

action had been dismissed four years earlier for failure to state a claim. Fort-Greer appeals.

The facts underlying Fort-Greer's claim occurred between April 1998 and September 2000 and must be construed in the light most favorable to him. *See Tibbs v. City of Chi.*, 469 F.3d 661, 664 (7th Cir. 2006). According to Fort-Greer, in April 1998 he sustained a blow to his nose while playing basketball at the Milwaukee County Jail. Jailers took him to the emergency room at a local hospital, where doctors diagnosed him with a deviated septum and told him that surgery was necessary. During the next several months, Fort-Greer experienced difficulty breathing, nose bleeds, eye aches, and migraines. He was scheduled for surgery, but before the date arrived he was transferred into the custody of the Wisconsin Department of Corrections.

At Fort-Greer's intake examination at Dodge Correctional Institution in August 1998, the examining physician confirmed that he suffered from a deviated septum and was still experiencing difficulty breathing, nose bleeds, and headaches. The examining physician prescribed nasal spray and pain medication. He also recommended an offsite ENT consultation. But Dr. George Daley, the DOC medical director at the time, denied the request for offsite services with the explanation that Fort-Greer's nasal bone was not displaced and his septum was only minimally deviated. After that Fort-Greer continued to complain about pain and discomfort stemming from the injured septum, but Daley still rejected fresh recommendations for ENT consultations in April 1999 and September 2000. In addition, Fort-Greer says, Dr. Roman Kaplan, a physician at Oshkosh Correctional Institution, denied him treatment altogether during his incarceration at that facility. Kaplan did not see Fort-Greer after August 2000, and Daley left his position as medical director with the DOC in 2001. In the meantime, Fort-Greer continued to seek treatment for his deviated septum and ultimately received surgery in July 2004. As a result, he says, he no longer suffers any of his prior symptoms.

After his surgery Fort-Greer brought this lawsuit in the United States District Court for the Eastern District of Wisconsin. In a complaint filed in August 2005, he alleged that Daley and Kaplan were deliberately indifferent to his serious medical condition when they denied his requests for surgical repair of his deviated septum despite opinions from other physicians that surgery was necessary. But this was not the first time Fort-Greer raised this claim against these doctors. At summary judgment Daley and Kaplan presented evidence that Fort-Greer had filed an identical suit against them in the Western District of Wisconsin. That suit was dismissed in 2001 for failure to state a claim, *Greer v. Daley*, No. 01-C-586-C, 2001 WL 34377922 (W.D. Wis. Dec. 27, 2001), and Fort-Greer did not appeal the judgment.

The District Court for the Eastern District of Wisconsin dismissed the 2005 lawsuit with prejudice. The court observed that the only difference between the suits is that in the second Fort-Greer alleged he had received corrective surgery. The court explained that this fact did not change the nature of the claim: in both lawsuits the claim of deliberate indifference rests on the inaction of Daley and Kaplan from 1998 to 2000. The second suit is not based on new events occurring after dismissal of the first suit. Thus, the court concluded, the 2005 suit was barred by principles of claim preclusion because the claim alleged in each lawsuit is identical, the parties are identical, and the 2001 dismissal was on the merits.

On appeal Fort-Greer makes three arguments. First he contends that the district court erred in relying on claim preclusion because Daley and Kaplan did not raise the affirmative defense in their answer. Failure to plead an affirmative defense may result in waiver of that defense. Fed. R. Civ. P. 8(c); *Curtis v. Timberlake*, 436 F.3d 709, 711 (7th Cir. 2005). But a party's failure to plead an affirmative defense in its answer does not result in waiver if the district court allows the defense to be asserted later and gives the plaintiff an opportunity to respond. *Venters v. City of Delphi*, 123 F.3d 956, 968 (7th Cir. 1997); *Blaney v. United States*, 34 F.3d 509, 512 (7th Cir. 1994) (collecting cases). In this case Daley and Kaplan did not waive their defense of claim preclusion. Although the doctors failed to plead the defense in their answer, the district court allowed Fort-Greer three months to address the defense after the doctors raised it in their motion for summary judgment. Fort-Greer never responded. Instead, he contends that prison officials prevented him from responding because they would not allow him to send mail out of the prison during the response period. The record shows, however, that Fort-Greer filed no fewer than 14 documents with the court during that period, yet none addressed the issue of claim preclusion. Accordingly, we cannot say that Fort-Greer was denied an opportunity to respond to the doctors' affirmative defense.

Second, Fort-Greer argues that his 2001 suit was not "fully and fairly litigated" and thus could not bar the later action. He does not deny that he twice has sued Daley and Kaplan for deliberate indifference arising from their refusal to order surgical repair of his deviated septum between 1998 and 2000. Instead, he asserts that because the first lawsuit was dismissed at initial screening, *see* 28 U.S.C. § 1915A, he never had an opportunity to litigate the claim. But the doctrine of claim preclusion bars relitigation of claims decided on the merits in a prior lawsuit involving the same parties. *Highway J Citizens Group v. United States Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006). And the dismissal of a complaint at initial screening for failure to state a claim is a dismissal on the merits that precludes filing of a second suit on the same facts. *See Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002). Although Fort-Greer insists that his earlier lawsuit should not have been dismissed because his claim was meritorious as evidenced, he says, by the duration of his suffering and his

subsequent surgery, the proper way for him to contest the 2001 dismissal was to appeal the judgment, not to bring a second, identical lawsuit.  *See* Restatement (Second) Judgments § 19 cmt. a (2006).

Finally, Fort-Greer contends that his 2005 complaint stated two additional claims that were wrongly dismissed: a claim for arbitrary government action and a substantive due process claim.  But even given the liberal reading we must afford pro se pleadings, *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001), Fort-Greer's complaint raises nothing more then a claim of deliberate indifference against Daley and Kaplan.  Moreover, the presence of other claims against these defendants would not matter because all claims arising from the same operative facts are barred.  *See Highway J Citizens Group*, 456 F.3d at 741 (explaining that claim preclusion bars not only those issues previously raised and decided but also all issues that could have been raised).

AFFIRMED.