**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 11 2002**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ERNESTO L. MONTOYA,

    Plaintiff - Appellant,

v.

ELAINE L. CHAO, Secretary of the
United States Department of Labor,

    Defendant - Appellee.

No. 01-1357

---

**Appeal from the United States District Court**
**for the District of Colorado**
**(No. 00-B-1942)**

---

Barry Douglas Roseman of Roseman & Kazmierski, LLC, Denver, Colorado (Paul
A. Baca, Denver, Colorado, on the brief), for plaintiff-appellant.

Peter J. Krumholz, Assistant United States Attorney, Denver, Colorado (John W.
Suthers, United States Attorney, Denver, Colorado, with him on the brief), for
defendant-appellee.

---

Before **LUCERO** , **HOLLOWAY** , and **MURPHY** , Circuit Judges.

---

**LUCERO** , Circuit Judge.

---

    Ernesto L. Montoya, formerly employed by the Mine Safety and Health

Administration ("MSHA"), appeals the district court's dismissal of his national-

origin and age discrimination claims against the MSHA for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), due to his failure to file his suit in a timely manner. Montoya argues that the period of limitation prescribed by the Civil Service Reform Act ("CSRA") for bringing an action in federal court is not jurisdictional and that this limitations period should be equitably tolled to excuse his late filing. We agree with Montoya that the period of limitation is not jurisdictional and is subject to equitable tolling, but conclude that the district court did not abuse its discretion in finding that Montoya failed to show that equitable tolling is warranted in the present case. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

## I

Montoya was employed by the MSHA as a ventilation specialist but resigned in May 1998 after his superiors began formal removal procedures, claiming that he failed to perform his duties satisfactorily. Montoya appealed his employer's actions to the Merit System Protection Board ("Board"), alleging before the Board's Administrative Law Judge ("ALJ") that he was the victim of both age and national-origin discrimination. The ALJ affirmed Montoya's constructive termination in December 1998, and on appeal the Board affirmed this decision in a final order issued in February 2000. Montoya sought timely review of the Board's decision before the Equal Employment Opportunity Commission

-2-

("EEOC"), and on June 30, 2000, the EEOC affirmed the Board's order and mailed a copy of its affirmance to Montoya. Montoya claims not to have received a copy of the opinion until August 8, 2000, though he concedes he received notification of the decision from his attorney on July 26, 2000.

According to Montoya, his attorney advised him on July 26, 2000, to request an extension of the deadline to file suit in federal court from the EEOC because that deadline was approximately a week away. The EEOC referred him to the Civil Rights Center ("Center") of the Department of Labor, which Montoya attempted to reach by telephone and later by letter. Montoya was eventually informed by the Center that it did not have authority to grant such an extension. Because he was no longer represented by counsel, Montoya proceeded to obtain a pro se packet from the clerk's office of the district court but determined that he was incapable of filling out the requisite paperwork without assistance. After contacting a number of attorneys and legal aid organizations, none of whom agreed to assist him, he eventually found an attorney to help him.

Montoya commenced the present action against the United States Department of Labor in district court on September 29, 2000, alleging violations of the Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964. Defendant moved to dismiss the complaint for lack of subject-

matter jurisdiction because the case was untimely filed, and the district court granted the motion. This appeal followed.

## II

We review a dismissal for lack of subject-matter jurisdiction de novo, accepting the district court's findings of jurisdictional facts unless they are clearly erroneous. Stuart v. Colo. Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001).

Pursuant to the CSRA, a plaintiff alleging age and national-origin discrimination has thirty days from receipt of a judicially reviewable decision to bring an action in federal court:

> Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under [the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, or the Fair Labor Standards Act of 1938] as applicable. Notwithstanding any other provision of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under section 7702.

5 U.S.C. § 7703(b)(2); see also 29 C.F.R. § 1614.310(d). The parties agree that Montoya had thirty days from his receipt of the EEOC's decision of June 20, 2000, to file the present action. As noted above, Montoya claims that he was not informed of the decision until July 26, 2000, and that he did not actually receive a copy of the decision until August 8, 2000. Even if we were to assume that the

-4-

period of limitation did not begin to run until the August 8 date, Montoya's September 29, 2000 filing of the present action was indisputably untimely. [1]

Defendant urges that the period of limitation set forth in § 7703(b)(2) is jurisdictional, meaning that a federal court has no power to hear a case that is subject to the CSRA's time limits unless the plaintiff has filed his action in a timely manner. Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction. See Morris v. City of Hobart, 39 F.3d 1105, 1111 (10th Cir. 1994). Jurisdiction is a threshold question that a federal court must address before reaching the merits of a statutory question, even if the merits question is more easily resolved and the party prevailing on the merits would be the same as the party that would prevail if jurisdiction were denied. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93–94 (1998) (disapproving a federal court's exercise of "hypothetical jurisdiction" because "it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers"). The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

---

[1] We note that, absent evidence of the actual date of receipt, a three-day or five-day presumption of receipt after mailing will ordinarily be appropriate. See Lozano v. Ashcroft, 258 F.3d 1160, 1165 (10th Cir. 2001) ("Although this court has never explicitly addressed the issue of mailing time presumptions, we have implicitly sanctioned applying either a five-day or a three-day presumption.").

There is presently a "circuit split" with respect to the question whether the period of limitation set forth in § 7703(b)(2) of the CSRA is jurisdictional, but we conclude that it is not and that it may be subject to equitable tolling. Key to the resolution of this issue is the rebuttable presumption, mandated by the Supreme Court in Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990), that equitable tolling doctrine is applicable to suits against the United States where the government has waived its sovereign immunity by statute.

Irwin involved a "mixed" discrimination claim, alleging discrimination motivated by both race and physical disability. Id. at 91. Petitioner lost his appeals before the EEOC, then filed a complaint in district court approximately a month after the deadline established by 42 U.S.C. § 2000e, et seq.—allegedly because he never received notice of the final decision of the EEOC because his lawyer was out of the country. Id. The Court granted certiorari to decide the specific question whether the period of limitation in § 2000e-16(c) was jurisdictional or whether it could be equitably tolled. Id. at 92. However, recognizing that this type of issue would arise repeatedly in the future with respect to ascertaining Congress's intent in setting forth other such limitation periods, the Court opined that "a continuing effort on our part to decide each case on an ad hoc basis, as we appear to have done in the past, would have the disadvantage of continuing unpredictability without the corresponding advantage

of greater fidelity to the intent of Congress." Id. at 95. The Court therefore chose to "adopt a more general rule to govern the applicability of equitable tolling in suits against the Government." Id.

Noting that time requirements in lawsuits between private litigants are customarily subject to equitable tolling, the Court decided that a similar presumption should apply in suits against the Government: "Once Congress has made such a waiver [of sovereign immunity], we think that making the rule of equitable tolling applicable to suits against the Government, in the same way that it is applicable to private suits, amounts to little, if any, broadening of the congressional waiver." Id. Characterizing the principle as a "realistic assessment of legislative intent as well as a practically useful principle of interpretation," the Court went on to state unequivocally, "We therefore hold that the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States. Congress, of course, may provide otherwise if it wishes to do so." Id. at 95–96.

In the wake of Irwin, the First Circuit determined that the period of limitation in § 7703(b)(2) is not jurisdictional and is therefore subject to equitable tolling. That court noted that the limitations period of § 7703(b)(2) "is not only similar to, but intersects with, the [Equal Employment Opportunity Act] provision directly addressed in Irwin." Nunnally v. MacCausland, 996 F.2d 1, 3 (1st Cir.

1993); see also id. at 3 n.3 (explaining that the "interdependence of the two statutes is rooted in their histories"). The First Circuit saw "no principled reason for failing to extend Irwin's rebuttable presumption" to § 7703(b)(2). Id. at 3.

Two other circuits have similarly concluded that the period of limitation in § 7703(b)(2) of the CSRA is subject to equitable tolling. See Blaney v. United States, 34 F.3d 509, 512–13 (7th Cir. 1994) (stating that "a time limit like the one in § 7703(b)(2) is not jurisdictional," but providing no analysis); Williams-Scaife v. Dep't of Def. Dependent Sch., 925 F.2d 346, 348 (9th Cir. 1991) (holding that Irwin overruled all prior Ninth Circuit cases that denied equitable tolling under statutes and regulations relating to federal employee discrimination suits, including one which had denied tolling under § 7703(b)(2)).

Standing alone is the Sixth Circuit, which compared the language of the statute in Irwin with that of § 7703(b)(2) and concluded that the mandatory nature of the wording in § 7703(b)(2)—"[n]otwithstanding any other provision of law . . . any such case filed . . . must be filed within 30 days"—distinguished its time limitation from the one in § 2000e-16(c), which stated that "within thirty days of receipt of final action taken by [the EEOC], an employee . . . may file a civil action." See Dean v. Veterans Admin. Reg'l Office, 943 F.2d 667, 670 (6th Cir. 1991), vacated and remanded on other grounds, 503 U.S. 902 (1992); see also

King v. Dole, 782 F.2d 274, 276 (D.C. Cir. 1986) (deploying similar reasoning and reaching the same result, but in a case decided before Irwin).

We find the Sixth Circuit's approach untenable in light of the Irwin Court's reluctance to try to ascertain congressional intent by parsing too finely the language of limitations statutes. Indeed, after quoting from § 2000e, the Court noted that "[t]he phraseology of this particular statutory time limit is probably very similar to some other statutory limitations on suits against the Government, but probably not to all of them." 498 U.S. at 94–95. As an example, the Court quoted from another statute wherein Congress provided that "[e]very claim . . . shall be barred unless the petition . . . is filed . . . within six years." Id. at 95 (quotation omitted). To the Court, even this unequivocally mandatory language was not "enough to manifest a different congressional intent with respect to the availability of equitable tolling." Id. We find that the language of § 7703(b)(2)is likewise insufficient to show that Congress intended to make equitable tolling

unavailable to plaintiffs.[2] We thus conclude that the period of limitation set forth in the CSRA, § 7703(b)(2), is not jurisdictional.

### III

We review a district court's decision whether to equitably toll a period of limitation for abuse of discretion. See Arnold v. Air Midwest, Inc., 100 F.3d 857, 861 (10th Cir. 1996).

This Circuit has generally recognized equitable tolling of Title VII periods of limitation only if circumstances "rise to the level of active deception which might invoke the powers of equity to toll the limitations period." Cottrell v. Newspaper Agency Corp., 590 F.2d 836, 838–39 (10th Cir. 1979). Equitable tolling might be appropriate, for example, where a plaintiff has been "lulled into inaction by her past employer, state or federal agencies, or the courts." Carlile v. S. Routt Sch. Dist., 652 F.2d 981, 986 (10th Cir. 1981). "Likewise, if a plaintiff

---

[2] The Supreme Court has determined that a time limitation expressed in "unusually emphatic form" will be sufficient to overcome the presumption. United States v. Brockamp, 519 U.S. 347, 350 (1997). In Brockamp, a case involving a period of limitation set forth in the tax code, the Court noted that "[o]rdinarily limitations statutes use fairly simple language, which one can often plausibly read as containing an implied 'equitable tolling' exception," but that the tax code provision at issue "sets forth its limitations in a highly detailed technical manner, that, linguistically speaking, cannot easily be read as containing implicit exceptions." Id.

We note also that Congress may, of course, overcome the presumption that a period of limitation is subject to equitable tolling by stating directly in the statutory language that equitable tolling will be unavailable to a plaintiff.

-10-

is actively misled, or has in some extraordinary way been prevented from asserting his or her rights, we will permit tolling of the limitations period." Martinez v. Orr, 738 F.2d 1107, 1110 (10th Cir. 1984) (quotations omitted).  The Supreme Court has similarly noted that "federal courts have typically extended equitable relief only sparingly," and that

> [w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.  We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

Irwin, 498 U.S. at 96 (footnotes omitted).

Montoya proposes that equitable tolling in the instant case is appropriate for two reasons.  First, he suggests that tolling is warranted because he was "misdirected by the federal agencies involved regarding the appropriate manner in which to proceed to effectuate the timely prosecution of his claim in federal court."  (Appellant's Br. at 11.)     The "misdirection" Montoya complains about stems from the "bureaucratic 'runaround'" he claims to have experienced after he (1) contacted the EEOC asking for an extension of time and was referred to the Civil Rights Center, (2) was forced to leave a telephone message for the director of the Center and the message was never returned, and (3) sent a letter to the Center only to then be told that it had no authority to waive the filing deadline.

(Id. at 4, 12–13.) Montoya himself acknowledges, however, that he "does not assert that he was actively or intentionally misled by his employer or any of those persons involved in the complex set of factual circumstances in this case surrounding the timeliness of the filing of his Complaint." (Id. at 10.) Given these facts, we conclude that the district court did not abuse its discretion in finding that Montoya was not actively deceived and that equitable tolling of the limitations period was not appropriate in the present case.

Montoya also argues that equitable tolling is warranted because he has a limited education and little understanding of the law or of the "intricacies of the procedural framework of Title VII actions or the appropriate manner in which to file an action in federal court." (Id. at 13–14.) Again, we conclude that the district court did not abuse its discretion in finding that Montoya's difficulties are those faced by many plaintiffs who nonetheless manage to file suit in a timely manner. To the contrary, the instant case is precisely the type of "garden variety claim of excusable neglect" that the Supreme Court deemed unworthy of meriting equitable tolling in Irwin. 498 U.S. at 96.

## IV

The dismissal of Montoya's claims is **AFFIRMED**.

-12-