**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 30 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

NORMAN APARTMENT
ASSOCIATION, and all others
similarly situated,

Plaintiff-Appellant,

v.

THE CITY OF NORMAN, a
Municipal Corporation,

Defendant-Appellee.

No. 02-6269
(D.C. No. 01-CV-1214-L)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **HARTZ**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Norman Apartment Association (Association) appeals from the district court's order dismissing its complaint against the City of Norman, Oklahoma for lack of subject matter jurisdiction. We affirm.

The Association's complaint recites that on or about June 12, 2001, the City Council of Norman passed an ordinance approving a $5.00 surcharge for each water and sewer customer, for the purposes of maintaining the City's sewer system. The Association notes that each apartment unit is assessed the surcharge as though it were a separate dwelling. Therefore, it argues, apartment customers will pay a disproportionate share of the surcharge relative to the actual mileage of sewer pipe necessitated by apartment dwellings. In its complaint, the Association seeks a declaratory judgment that this surcharge constitutes a violation of its members' rights to equal protection and due process, as guaranteed by the Fourteenth Amendment to the United States Constitution. It further seeks an injunction and damages.

The City of Norman filed a motion to dismiss the Association's complaint for lack of subject matter jurisdiction. It contended that this suit was barred by the Johnson Act, 28 U.S.C. § 1342, which prohibits federal district courts from enjoining or restraining rate-making by state and municipal public utilities. The Association responded, inter alia, by contending that the surcharge was not a "rate" within the meaning of the Johnson Act. The district court rejected this

argument, along with the Association's other contentions. It concluded that the surcharge was included within the rate structure of the City of Norman, and was protected by the Johnson Act from federal court challenge.

We review de novo the district court's dismissal for lack of subject matter jurisdiction, accepting its jurisdictional fact-finding unless clearly erroneous. *Montoya v. Chao*, 296 F.3d 952, 954-55 (10th Cir. 2002). The Johnson Act provides as follows:

> The district courts shall not enjoin, suspend or restrain the operation of, or compliance with, any order affecting rates chargeable by a public utility and made by a State administrative agency or a rate-making body of a State political subdivision, where:
>
> (1) Jurisdiction is based solely on diversity of citizenship or repugnance of the order to the Federal Constitution; and,
>
> (2) The order does not interfere with interstate commerce; and,
>
> (3) The order has been made after reasonable notice and hearing; and,
>
> (4) A plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1342.

"The Johnson Act does not deprive a federal court of jurisdiction unless the challenge is to an 'order affecting rates' and each of the four enumerated conditions is present. The burden of showing that the conditions are present is on the party invoking the act." *US West, Inc. v. Tristani*, 182 F.3d 1202, 1207 (10th

Cir. 1999) (citations omitted).  On appeal, the Association again contends that the surcharge is not an "order affecting rates" within the meaning of the Johnson Act, because the surcharge is not a "rate."[1]

We are persuaded, however, that the ordinance approving the surcharge at issue here is an "order affecting rates."  "[T]he Johnson Act proscribes federal interference not with a 'rate' simpliciter but with 'any order affecting rates.'" *Hill v. Kan. Gas Serv. Co.*, 323 F.3d 858, 864 (10th Cir. 2003) (quotation omitted).  Our cases have construed the Johnson Act broadly, "to effect a general hands-off policy relative to state rate making."  *US West*, 182 F.3d at 1207 (quotations omitted).

In *Gen. Investment & Serv. Corp. v. Wichita Water Co.*, 236 F.2d 464 (10th Cir. 1956), for example, we upheld the dismissal, under the Johnson Act, of a challenge to an allegedly discriminatory surcharge imposed by a municipal water company for repayment of a bond issue, characterizing it as a "rate[] fixed by city ordinance[]."  *Id.* at 466.  In *Tennyson v. Gas Serv. Co.*, 506 F.2d 1135 (10th Cir. 1974), we upheld the application of the Johnson Act to a challenge to late charge assessments imposed by gas and electric companies, rejecting the argument that the late charge was "interest" rather than a "rate."  *Id.* at 1139-40.

---

[1]     The Johnson Act prohibits both suits for injunctive relief, and for declaratory judgment, alone or in combination with a claim for money damages. *Tennyson v. Gas Serv. Co.*    , 506 F.2d 1135, 1139 (10th Cir. 1974).

In similar fashion, we conclude that the surcharge attacked by the Association was an "order affecting rates" within the meaning of the Johnson Act. The district court acted properly in dismissing this case for lack of subject matter jurisdiction. The judgment of the United States District Court for the Western District of Oklahoma is therefore AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Chief Judge