F I L E D
United States Court of Appeals
Tenth Circuit

JUL 9 2003

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DAWN A. SWEAZEY, personal
representative of the estate of
MELVIN SWEAZEY, SR., for herself
and for the benefit of DONNIE
SWEAZEY, MELVIN SWEAZEY,
JR., and AUDREY SWEAZEY,

        Plaintiff-Appellant,

v.

UNITED STATES by and through
VETERANS ADMINISTRATION
MEDICAL CENTER of Salt Lake
City, Utah,

        Defendant-Appellee.

No. 02-4206
(D.C. No. 2:01-CV-796-TS)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **ANDERSON** , and **O'BRIEN** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Dawn A. Sweazey, as personal representative of the estate of her late husband, Melvin Sweazey, Sr., and for herself and their children, Donnie, Melvin Jr., and Audrey, appeals from an order of the district court dismissing this action.  We affirm.

Mr. Sweazey joined the Marine Corps in 1960 at the age of seventeen, at which time he began smoking.  He was discharged in 1964.  He later developed emphysema and chronic obstructive pulmonary disease, for which he was treated by defendant Veterans Administration Medical Center of Salt Lake City (VA).  Mr. Sweazey died in October 1997, following surgery at the VA and a resulting infection.  At the time of his death, Mrs. Sweazey received burial benefits.  She was not approved for any other benefits, however, as the VA determined that Mr. Sweazey's death was not service related.

Mrs. Sweazey, proceeding pro se, filed this action in October 2001.  She alleged negligence on the part of the VA for its medical treatment of her husband which led to his death, and negligence on the part of the United States for permitting her husband, then a minor, to purchase and use cigarettes while he was

in the Marine Corps. Defendant construed the action as one arising under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, and moved to dismiss because Mrs. Sweazey had not exhausted her administrative remedies, the claims were barred by the statute of limitations, and the second claim was barred by Feres v. United States, 340 U.S. 135, 146 (1950). Defendant further noted that proper service had not been effected.

In reply, Mrs. Sweazey asserted that she had exhausted her administrative remedies. Defendant conducted a search and informed the court that it had not found any records showing that Mrs. Sweazey had filed any claims raising those issues alleged in her present action. Mrs. Sweazey replied that she had not filed this case as one falling under the FTCA, but rather as a breach of contract action. She alleged the United States had entered into a contract with Mr. Sweazey when he joined the Marine Corps. She contended that the United States promised to provide proper medical care to Mr. Sweazey in that contract. Mrs. Sweazey concluded the VA breached the contract when it provided allegedly improper care during Mr. Sweazey's final admission to the VA.

The district court granted defendant's motion and dismissed the action. The court held that t he complaint did not support Mrs. Sweazey's assertion that she had filed the case as a breach of contract action. The court also held that she

had failed to show she had exhausted her administrative remedies as required by the FTCA and further that her case was untimely filed.

"We review a dismissal for lack of subject-matter jurisdiction de novo, accepting the district court's findings of jurisdictional facts unless they are clearly erroneous." Montoya v. Chao , 296 F.3d 952, 954-55 (10th Cir. 2002).

Mrs. Sweazey, apparently conceding that she did not exhaust her administrative remedies as required under the FTCA, argues that the district court erred in construing this action as one filed under the FTCA as she had filed it as a breach of contract action. Mrs. Sweazey does not argue that the district court erred in dismissing the case, if it were properly construed as one falling under the FTCA. "To determine the nature of an asserted claim, we focus not on the label the plaintiff uses, but on the conduct upon which [s]he premises h[er] claim as supported by the record." Benavidez v. United States , 177 F.3d 927, 931 (10th Cir. 1999).

As the district court noted, Mrs. Sweazey has not alleged any claims that would properly fall under a breach of contract action. She alleges traditional tort claims of negligence and/or medical malpractice claims. Further, common-law contract rules do not apply to military pay and benefits. See, e.g. , Schism v. United States , 316 F.3d 1259, 1268 (Fed. Cir. 2002), cert. denied , 123 S. Ct. 2246

(2003). Military benefits are determined by statute and regulations, not from a contractual relationship with the government. Id. at 1274-75.

As framed in her complaint, Mrs. Sweazey's claims can only fall under the FTCA. See, e.g., Brown v. United States, 151 F.3d 800, 806 (8th Cir. 1998) ("veterans who have suffered *non-service-related* injuries may sue under the FTCA"); Quilico v. Kaplan, 749 F.2d 480, 481 (7th Cir. 1984) (Attorney General will defend FTCA actions against medical personnel "for malpractice liability in furnishing care or treatment while in the exercise of such persons duties in or for the Department of Medicine and Surgery of the VA)" (quotation and citation omitted)). Thus, the district court properly dismissed this action for failure to exhaust administrative remedies, see 28 U.S.C. § 2675(a), and for being untimely filed, see id., § 2401(b).

The judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-5-