**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 28, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SOLOMON PANICKER,

 Plaintiff - Appellant,

v.

STATE DEPARTMENT OF
AGRICULTURE; MERIT PROTECTION
COMMISSION; DEPARTMENT OF
AGRICULTURE, Director; OKLAHOMA
OFFICE OF PERSONNEL
MANAGEMENT, Commissioner; SUSAN
BUSSEY, Merit Protection Commissioner;
COMMISSIONER OF AGRICULTURE,

 Defendants - Appellees.

No. 12-6115
(D.C. No. 5:11-CV-01145-F)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN,** and **MATHESON**, Circuit Judges.

---

 *After examining Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Petitioner-Appellant Solomon Panicker, a former Oklahoma Department of Agriculture (ODA) employee appearing pro se,[1] appeals from the district court's dismissal of his discrimination complaint for lack of subject matter jurisdiction. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

On October 12, 2011, Mr. Panicker filed his complaint against the ODA and other state defendants alleging racial discrimination. Mr. Panicker's complaint points to three main instances of discrimination: (1) he was falsely accused of a co-worker's "work issues," which resulted in two suspensions; (2) he was "harassed, demoralized, and intimidated" by his director; and (3) he was told to resign by phone. ROA, Vol. 1 at 7.

On April 23, 2012, the United States District Court for the Western District of Oklahoma found that it lacked subject matter jurisdiction to hear the case and consequently dismissed the case without prejudice pursuant to Fed. R. Civ. P. 12(b)(1). *Id.* at 13-14; *see Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

---

[1] Because Mr. Panicker is proceeding pro se, we construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however at the point at which we begin to serve as his advocate.").

The district court also denied Mr. Panicker leave to amend the complaint. The court reasoned that amendment would be futile as time-barred because the complaint "arises out of [Mr. Panicker's] long ago terminated employment with the ODA and . . . his complaints filed with the Merit Protection Commission which were finally adjudicated in 1993." ROA, Vol. 1 at 15. Mr. Panicker filed his notice of appeal on April 27, 2012.

We understand Mr. Panicker to argue in this appeal that the district court erred by ruling it lacked subject matter jurisdiction to hear this case and by denying Mr. Panicker leave to amend his complaint. He also argues that during his employment with the ODA, he was subjected to racial discrimination in violation of his civil rights[2] and Executive Order Number 10925, which established the President's Committee on Equal Employment Opportunity (EEOC).

We first address subject matter jurisdiction. "We review a dismissal for lack of subject-matter jurisdiction de novo, accepting the district court's findings of jurisdictional facts unless they are clearly erroneous." *Montoya v. Chao*, 296 F.3d 952, 954-55 (10th Cir. 2002). As the party invoking federal jurisdiction, Mr. Panicker has the burden of

---

[2] Mr. Panicker's opening brief argues that this is a "Race Discrimination" case and states that he is "an Immigrant from Asia." Aplt. Br. at 2. Construing his argument liberally, we interpret his briefs to contend he was discriminated against in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. However, he never raised this claim with the district court in his complaint or mentioned that he was part of a protected class. His complaint only alleged "Discrimination, Harrassment [sic], and Hate Crime." ROA, Vol. 1 at 7.

establishing subject matter jurisdiction. *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

Mr. Panicker did not fulfill this burden. His one-page complaint fails to establish a basis for federal subject matter jurisdiction, and no diversity jurisdiction exists because all parties are Oklahoma residents. Thus, the district court properly dismissed Mr. Panicker's complaint without prejudice for lack of subject matter jurisdiction.

We next address the district court's denial of leave to amend Mr. Panicker's complaint because Mr. Panicker's claims are time-barred. We review the district court's refusal to allow Mr. Panicker "leave to file an amended complaint" for abuse of discretion. *Cohen v. Longshore*, 621 F.3d 1311, 1313 (10th Cir. 2010). Courts should give leave to amend freely, especially when the plaintiff is proceeding pro se. Fed. R. Civ. P. 15(a); *see also Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998). But courts may refuse to give parties leave to amend "upon a showing of . . . futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Serv., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). We agree with the district court that granting leave to amend in this instance would be futile because no amendment would change that Mr. Panicker's claims are time-barred.

Like the district court, we find that "[u]ncontroverted evidence shows that [Mr. Panicker] resigned from the ODA on May 21, 1991, approximately 20 years before this

action was filed on October 12, 2011." ROA, Vol. 1 at 17. The statutes of limitations have long since run on any employment-related legal theory or cause of action.[3]

We affirm the district court's dismissal of Mr. Panicker's complaint for lack of subject matter jurisdiction and the court's denial of leave to amend the complaint.

ENTERED FOR THE COURT

Scott M. Matheson, Jr.
Circuit Judge

---

[3] Mr. Panicker purports to bring this action based on the Oklahoma Merit Protection Commission's denial of his petition for relief. In 1993, the Oklahoma Court of Civil Appeals affirmed the state district court's determination that Mr. Panicker's claim with the Merit Protection Commission was untimely.

Furthermore, to preserve a claim under Title VII of the Civil Rights Act of 1964, an aggrieved employee must submit a charge of discrimination to the EEOC within 180 days of the allegedly unlawful incident, or within 300 days of the incident if the employee first presented the charge to a state or local equal employment opportunity agency. *See* 42 U.S.C. § 2000e-5(e)(1). On July 15, 2011, the EEOC dismissed Mr. Panicker's claim as untimely.