**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 19, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

RANDY MCCOLLUM; RONNIE
MCCOLLUM,

    Plaintiffs - Appellants,

v.

FRANK MCCOLLUM; DONNIE
MCCOLLUM,

    Defendants - Appellees.

No. 21-3231
(D.C. No. 2:21-CV-02493-HLT-GEB)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Plaintiffs/Appellants Randy McCollum and Ronnie McCollum, citizens of

Kansas proceeding pro se, filed a civil action against Defendants/Appellees Frank

McCollum and Donnie McCollum, fellow citizens of Kansas.[1] In their complaint,

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because all of the parties share the same last name, we refer to the parties by their first names. Further, because Randy and Ronnie proceed pro se, "we liberally construe [their] filings, but we will not act as [their] advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

Randy and Ronnie seemingly asserted claims based on fraud/embezzlement, the failure to repay a loan, and elder abuse/physical injury. The district court issued an order to show cause why subject-matter jurisdiction existed over the action. Randy and Ronnie answered the show cause order, indicating the fraud/embezzlement underlying one of their claims involved crop insurance funds regulated by the United States Department of Agriculture ("USDA"). But Randy and Ronnie did not identify any federal statute creating a private right of action. The district court dismissed the action for lack of subject-matter jurisdiction, and Randy and Ronnie appeal. We affirm.

## I.     BACKGROUND

Randy and Ronnie filed a complaint that identified themselves, as well as Frank and Donnie, as citizens of Kansas. In their complaint, Randy and Ronnie advanced a claim for "embezzlement," alleging in July 1998, Frank used Ronnie's social security number to obtain USDA crop insurance funds, but Frank retained all of the crop insurance funds for his personal use. ROA Vol. I at 7. Randy and Ronnie also advanced a claim sounding in contract law based on Frank's and Donnie's alleged failure to repay a $5,000 loan for a tractor. Finally, through their complaint, they advanced a claim for "elder[] abuse[]" against Frank based on an unspecified incident in November 2008. *Id.* at 8.

Relative to jurisdiction, Randy and Ronnie checked off the box on the complaint form for a civil or equal rights action arising under 28 U.S.C. § 1343. The district court issued an Order and Notice to Show Cause, in part directing Randy and

2

Ronnie to identify how the court could take subject-matter jurisdiction over the action where the action did not appear to advance a claim for the deprivation of a civil right. Randy and Ronnie responded to the order by scribbling several notations onto the order and returning it to the district court. In one place, they indicated "USDA & crop insurance[,] [t]hey are Federal Busines[s]." *Id.* at 33. In another place, they wrote "Frank McCollum put a hay hook 2″ inches in the top of Randy[] McCollum['s] head. We are getting x-rays from Eureka, KS hospital. [T]his is attempt[ed] murder." *Id.* And Randy and Ronnie submitted to the district court a copy of 7 U.S.C. § 1515, which pertains to a crop insurance fund program. Randy and Ronnie, however, did not identify how their action involved the alleged deprivation of a civil right.

The district court dismissed the action for want of subject-matter jurisdiction. In support of this conclusion, the district court observed there was not diversity of citizenship between the parties and the claims advanced by Randy and Ronnie, although partially involving monies distributed by a federal agency, sounded in state tort and contract law. Randy and Ronnie appeal, advancing the same statements they presented in response to the district court's order to show cause.

## II.     DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a district court may dismiss a complaint for lack of subject-matter jurisdiction. Where, as here, a district court dismisses an action for lack of subject-matter jurisdiction without taking

evidence, we review the dismissal de novo. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015).

"The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Thus, Randy and Ronnie needed to identify a basis upon which the district court could take jurisdiction over their case and reach the merits of their claims. "The district courts of the United States . . . are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Generally speaking, through 28 U.S.C. §§ 1331 and 1332, "Congress granted federal courts jurisdiction over two general types of cases: cases that 'arise under' federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a)." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Where Randy and Ronnie alleged in their complaint that they and Frank and Donnie are all citizens of Kansas, ROA Vol. I at 6, the action could not arise in diversity jurisdiction. Accordingly, Randy and Ronnie needed to satisfy § 1331's federal-question jurisdiction for the district court to possess authority to entertain the action. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required.").

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only

when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. Additionally, for a plaintiff to invoke federal-question jurisdiction, the "cause of action must either be (1) created by federal law, or (2) if it is a state-created cause of action, its resolution must necessarily turn on a substantial question of federal law." *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) (internal quotation marks omitted).

"The 'vast majority' of federal-question jurisdiction cases [are those where] a 'suit arises under the law that creates the cause of action.'" *Id.* at 1236 (quoting *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). Here, while Randy and Ronnie alleged, relative to their embezzlement claim, that the USDA played a role in distributing to Frank the money at issue, they did not identify any federal statute providing for a private federal cause of action for the facts they alleged in their complaint.[2] Nor did they identify any federal statute relative to claims based on a loan, elder abuse, or attempted murder. Accordingly, Randy and Ronnie, having not identified a federal statute creating a private right of action, needed to demonstrate their claims involved a substantial question of federal law. *See Morris v.*

---

[2] Randy and Ronnie attempted to rely upon 7 U.S.C. § 1515. To be sure, this provision does provide for an enforcement action where an individual engaged in fraud or provided false information when obtaining funds from the Federal Crop Insurance Corporation. 7 U.S.C. § 1515(h); *see also* 7 U.S.C. § 1502(b)(5) (defining Corporation as used in § 1515(h)). But the provision gives authority to the Secretary of Agriculture to pursue such an action, not a private individual. *See* 7 U.S.C. § 1515(h)(3), (4). And Congress giving authority to a federal agency to enforce violations of a federal program can cut against the existence of a private right of action. *See Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 13–14, 22 (1981).

*City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (concluding that where plaintiff did not identify federal law creating cause of action for contract claim, "federal jurisdiction will lie only if resolution of th[e] breach of contract claim requires resolution of a substantial question of federal law").

"When making the determination of whether a nonfederal claim turns on a substantial question of federal law, courts should exercise 'prudence and restraint.'" *Id.* (quoting *Merrell Dow Pharms. Inc.*, 478 U.S. at 810). "[F]ederal jurisdiction can be found in state-law created causes of action if the right to relief turns on the construction of a federal law." *Id.* "Nevertheless, the 'mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'" *Id.* (quoting *Merrell Dow Pharms. Inc.*, 478 U.S. at 813). Randy and Ronnie did not identify any question of federal law, substantial or otherwise, underlying their claims based on a loan, elder abuse, and attempted murder. Nor can we imagine any such question of federal law exists where these claims are inherently and entirely state-law in nature. And, although the "embezzlement" claim allegedly involved funds distributed by a federal agency, nothing on the face of Randy's and Ronnie's complaint or their response to the show cause order suggested resolution of the claim would entail interpreting any federal law. Rather, the claim appeared to focus on whether Frank had Ronnie's permission to use Ronnie's social security number and retain the federal crop insurance funds, or if Frank entered into an agreement with Ronnie to perform the administrative tasks necessary to obtain the crop insurance funds on Ronnie's behalf and then distribute all or part of the funds to

Ronnie. ROA Vol. I at 7–8. Accordingly, if Randy's and Ronnie's claims may be heard in any court, they would need to present the claims in a state court rather than a federal court.

### III. CONCLUSION

We AFFIRM the district court's dismissal of Randy's and Ronnie's action for want of subject-matter jurisdiction.

Entered for the Court


Carolyn B. McHugh
Circuit Judge