**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**June 26, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

TONYA LYNN MITCHELL,

　　Plaintiff - Appellant,

v.

LIN HAA; SAI C. LIU,

　　Defendants - Appellees.

No. 25-3015
(D.C. No. 2:24-CV-02501-JAR-TJJ)
(D. Kan.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **EID**, and **CARSON**, Circuit Judges.
_____

Tonya Mitchell, appearing pro se, sued Lin Haa and Sai Liu to contest the lawful ownership of a parcel of land in Lenexa, Kansas.  The district court dismissed her suit due to lack of subject-matter jurisdiction.  Michell appealed.  For the following reasons, we affirm.

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction."  *Dutcher v. Matheson*, 377 F.3d 980, 984 (10th Cir. 2013) (quotation omitted).  "We review a dismissal for lack of subject-matter jurisdiction de novo, accepting the district court's findings of jurisdictional facts

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

unless they are clearly erroneous." *Montoya v. Chao*, 296 F.3d 952, 954–55 (10th Cir. 2002). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id*.

Mitchell has not met this burden. There are two ways to assert subject-matter jurisdiction in federal court: federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. "A suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Dutcher*, 733 F.3d at 985 (quotation marks omitted) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)). While Mitchell cites numerous treaties and constitutional provisions in her brief, she does not assert a specific cause of action under any of these legal authorities or plead any facts that indicate she has a federal claim. Mitchell also cannot assert diversity jurisdiction because both she and the individuals she sued are domiciled in the state of Kansas.

2

Because Mitchell cannot assert either federal question or diversity jurisdiction, we AFFIRM the district court's dismissal of this case for lack of subject-matter jurisdiction.[1]

Entered for the Court


Allison H. Eid
Circuit Judge

---

[1] Mitchell has requested to proceed in forma pauperis.  We grant such a request only if the appellant has demonstrated "a financial inability to pay the required fees" and "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quotation omitted).  We will deem an appeal frivolous where it lacks even an "arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  We conclude that Mitchell's appeal here is frivolous.  The district court correctly dismissed this case for lack of subject-matter jurisdiction and Mitchell has not provided any arguable basis in law or fact under which she can establish subject-matter jurisdiction.  We therefore deny Mitchell's motion to proceed in forma pauperis.