FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**June 29, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

LYNDA KOZLOWICZ-GARDNER,

    Plaintiff - Appellant,

v.

UTE TRIBAL COUNCIL MEMBERS,

    Defendants - Appellees.

No. 26-4045
(D.C. No. 2:25-CV-00211-JNP)
(D. Utah)

_____

### ORDER AND JUDGMENT[*]
_____

Before **PHILLIPS**, **KELLY**, and **FEDERICO**, Circuit Judges.[**]
_____

Plaintiff-Appellant Lynda Kozlowicz-Gardner, appearing pro se, appeals from the

district court's dismissal of her suit without prejudice for lack of jurisdiction. Our

jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

### Background

Ms. Kozlowicz-Gardner filed suit against the "Ute Tribal Council Members"

alleging she is a member of the Ute Tribe and that she did not receive her fair portion of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

federal COVID-19 relief funds because the Tribe "misused" them.  ECF No. 1.  She then filed an "Application for Temporary Restraining Order (TRO) and To Show Cause" seeking to enjoin the Ute Tribal Council Members from governing the Tribe.  ECF No. 4.  The assigned magistrate judge issued an order to show cause as to why the action should not be dismissed for lack of subject matter jurisdiction.  ECF No. 7.  Ms. Kozlowicz-Gardner responded, moved for entry of default, provided supplemental authority, and sought to amend her complaint adding additional state-law counts.  ECF Nos. 8–12.

The district court Clerk denied a certificate of default, Fed. R. Civ. P. 55(a), because the order to show cause was pending.  ECF No. 10.  The magistrate judge recommended denial of the motion to amend and dismissal of the action for lack of subject matter jurisdiction.  R. 14–15 (Report & Recommendation).  Sovereign immunity barred the suit and the court lacked federal question or diversity jurisdiction over the claims.  Id. at 4–13.  The amended complaint failed to cure the jurisdictional deficiencies and otherwise appeared to rely on different allegations than the original complaint.  Id. at 13–14.  The district court then overruled Ms. Kozlowicz-Gardner's objections to the magistrate judge's report and recommendation, adopted the report and recommendation, and dismissed the action for lack of subject matter jurisdiction.  Id. at 18.  Ms. Kozlowicz-Gardner then filed the present appeal.[1]  Id. at 26–27.

---

[1] Ms. Kozlowicz-Gardner also filed an unsuccessful motion to alter or amend the judgment.  R. 21–23; Supp. R. 12–13.  Because she does not appear to appeal from that denial, we do not discuss it.

**Discussion**

Because Ms. Kozlowicz-Gardner proceeds pro se, we construe her pleadings liberally, but we may not act as her advocate.  Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008).  We review de novo the district court's decision to dismiss a suit for lack of subject matter jurisdiction.  Montoya v. Chao, 296 F.3d 952, 954 (10th Cir. 2002).  The party asserting jurisdiction has the burden to establish that jurisdiction.  Id. at 955.  We also "have an independent obligation to determine whether subject-matter jurisdiction exists" and may raise jurisdictional issues sua sponte.  1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (citation modified).

Ms. Kozlowicz-Gardner does not engage with the district court's analysis regarding subject matter jurisdiction.  Instead, based on our best reading of her brief, she raises arguments related to the Ute Tribal Council Members' failure to properly distribute funds and the federal government's duty to provide an accounting of the funds.[2]  An issue is waived if not raised in an opening brief.  In re Syngenta AG MIR 162 Corn Litig., 111 F.4th 1095, 1117 (10th Cir. 2024).  Ms. Kozlowicz-Gardner has waived any jurisdictional arguments.

Even so, we agree with the district court that there is no jurisdiction.  First, we agree with the court that sovereign immunity bars the suit.  Sovereign immunity is a jurisdictional issue, "depriving courts of subject-matter jurisdiction where applicable."  Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urb. Dev., 554 F.3d 1290, 1295

---

[2] The Clerk properly denied a certificate of default.  ECF No. 10.

3

(10th Cir. 2009).  Native American tribes retain sovereign immunity and are generally immune to suit absent certain exceptions, such as when the tribe waives its immunity or when Congress abrogates its immunity by statute.  Comanche Nation v. Ware, 174 F.4th 717, 726–27 (10th Cir. 2026).  Immunity extends to tribal officials for claims against them in their official capacity, but under the Ex Parte Young exception, sovereign immunity does not apply to suits against officials wherein the plaintiff seeks to enjoin ongoing violations of federal law.  Id.

Ms. Kozlowicz-Gardner has not put forward any argument as to why sovereign immunity does not apply.  Although Ms. Kozlowicz-Gardner asserted in her response to the order to show cause that the Ute Tribal Council Members have waived sovereign immunity in cases seeking relief related to the Tribe's membership funds, we agree with the district court that she did not provide any support for that assertion.  R. 8.  And although she claimed in a notice of supplemental authority that she is suing defendants in their individual capacities for actions outside the scope of their official duties, that assertion does not match the allegations in her complaint, and she provides no further explanation for her claim.  Id. at 8–9.  Accordingly, sovereign immunity bars the present suit.

Second, Ms. Kozlowicz-Gardner has not established that either federal question or diversity jurisdiction applies.  The district court interpreted her complaint as alleging the Ute Tribal Council misused funds under the Coronavirus Aid, Relief, and Economic Security Act and held that the statute does not provide a private cause of action under which she can sue.  Id. at 6, 9.  It also held that although Ms. Kozlowicz-Gardner cited

4

other federal statutes, she did not explain how those statutes relate to her allegations. <u>Id.</u> at 9–12. But we need not consider whether the referenced statutes confer jurisdiction because we cannot act as an advocate. Ms. Kozlowicz-Gardner cannot rely on diversity jurisdiction either. She does not identify an amount in controversy nor attempt to provide the citizenship of any party until the amended complaint. <u>Id.</u> at 12–14. Moreover, Native American tribes are not citizens of any state for diversity jurisdiction purposes. <u>Gaines v. Ski Apache</u>, 8 F.3d 726, 729 (10th Cir. 1993).

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge